**REED INTERNATIONAL TRADING CORP. and China Jiangsu Animal By-Products Import & Export (Group) Corp., Plaintiffs,**

v.

**DONAU BANK AG, Kazakh Republic Bank For Foreign Economic Affairs, Chase Manhattan Bank, N.A., and the Bank For Foreign Economic Affairs of the USSR, Defendants.**

No. 93 Civ. 0111 (SS).

United States District Court, S.D. New York.

Sept. 30, 1994.

Badiak, Will & Maloff, New York City (Alfred J. Will, of counsel), for plaintiffs.

Jeffrey M. Herrmann, New York City, for defendant Donau Bank AG.

Chase Manhattan Bank Legal Office Litigation Div., New York City (Laura Effel, Kent T. Stauffer, of counsel), for defendant Chase Manhattan Bank.

### OPINION & ORDER

SOTOMAYOR, District Judge.

Defendant The Bank for Foreign and Economic Affairs of the Russian Federation ("Vnesheconombank") moves, pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(2) and 12(b)(6), to dismiss the second amended complaint (the "Complaint") against it. Defendant Donau Bank, A.G. ("Donau") joins Vnesheconombank's motion to dismiss that part of Count III of the Complaint which alleges that Donau converted funds it transferred to Vnesheconombank after the letter of credit at issue in this litigation expired. Donau also joins Vnesheconombank's motion to dismiss Count IV of the Complaint for failure to state a claim. For the reasons discussed below, Vnesheconombank's motion to dismiss the Complaint against it for failure to state a claim is **GRANTED**, and Donau's motion to dismiss Count IV and that part of Count III asserting allegations against it based on the transferred funds is **GRANTED.**

### FACTUAL BACKGROUND

This action arises out of a letter of credit issued for the benefit of plaintiff Reed International Trading Corp. ("Reed"). In October 1991, Reed, a New York corporation, entered into a contract with Alink, a "U.S.S.R. business," pursuant to which Reed agreed to sell Alink down jackets for a price of $385,000. Second Amended Complaint ("Compl.") ¶ 8.

On or about October 16, 1991, Alink "opened an irrevocable letter of credit with defendants Vnesheconombank" and Kazakh Republic Bank for Foreign Economic Affairs ("Kazvneshbank"). *Id.* ¶ 9. The letter of credit is attached to the Complaint and it nowhere names defendant Vnesheconombank. Instead, the first line of the letter of credit addressed to Donau from "kazvneshbank alma ata," stated as follows: "[W]e ask you to advise through chase manhattan bank new york na with adding your confirmation to beneficiary reed international trading corporation." Thus, Defendant Donau acted as the confirming bank and defendant Chase Manhattan Bank, N.A. ("Chase") as advising bank in the letter of credit transaction. Compl. ¶¶ 10, 12. Moreover, the letter of credit was payable in New York "through defendants Donau and Chase." Compl. ¶ 12.

In November 1991, plaintiff China Jiangsu Animal By–Products Import and Export (Group) Corp. ("China"), a company organized under the laws of the Peoples Republic of China, contracted with Reed to supply the down jackets Reed was to sell to Alink. Compl. ¶ 11. Reed, on an unspecified date, presented certain documents to Chase in an attempt to draw on the letter of credit. Compl. ¶ 13. Chase purportedly informed Reed that the documents were "sufficient for Donau to honor [a] request for payment." Compl. ¶ 14.

However, upon receipt of the documents, Donau informed Chase that the documents did not conform to the terms of the letter of credit. Compl. ¶ 16. Donau did not tender payment and refused to return the documents. Compl. ¶ 18. Alink, according to the Complaint, waived the discrepancies in the documents presented and authorized Vnesheconombank, Kazvneshbank and Donau to make payment to Reed. Compl. ¶ 19. Vnesheconombank, however, "directed defendant Donau not to make payment on any order drawn by the Kazvneshbank." Compl. ¶ 20. Thereafter, Donau "may have credited the accounts of" Vnesheconombank "with funds representing the proceeds of the letter of credit." Compl. ¶ 22.

Based on the foregoing events, Reed and China claim that the defendants, including Vnesheconombank, (1) breached their contract with it by failing to honor its demand under the letter of credit, (2) failed to exercise reasonable care in reviewing and presenting documents to secure payment under the letter of credit, (3) converted funds securing the letter of credit, and (4) were unjustly enriched to the plaintiffs' detriment.

Vnesheconombank moves to dismiss the Complaint on several grounds. First, Vnesheconombank asserts that, as a bank organized pursuant to the laws of the Russian Federation it qualifies as an "agency or instrumentality of a foreign state" within the meaning of the Foreign Sovereign Immunities Act (the "FSIA"), and is, therefore, immune from suit in courts of the United States. Second, the Complaint, according to Vnesheconombank, fails to state a valid claim against it because it was not the issuing, confirming or advising bank in the letter of credit transaction described in the Complaint. Donau joins that portion of Vnesheconombank's motion to dismiss the conversion and unjust enrichment counts of the Complaint which are premised on the alleged transfer of funds between Donau and Vnesheconombank.

## DISCUSSION

### I. FSIA and the "Commercial Activity" Exception

I will first discuss Vnesheconombank's argument that this court lacks subject matter jurisdiction because Vnesheconombank is immune from suit under the FSIA. Without subject matter jurisdiction, I could not otherwise reach the merits of the substantive motion against the Complaint.

The FSIA provides the "sole basis" for obtaining jurisdiction over a foreign sovereign in United States courts. *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 439, 109 S.Ct. 683, 690, 102 L.Ed.2d 818 (1989). Under the FSIA, "a foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject matter jurisdiction over a claim against a foreign state." *Saudi Arabia v. Nelson,* —— U.S. ——, ——, 113 S.Ct.

1471, 1476, 123 L.Ed.2d 47 (1993). At issue in this case is the oft-invoked "commercial activity" exception, which strips a sovereign of immunity when it engages in conduct commercial in nature. *See* 28 U.S.C. § 1603(d) ("a 'commercial activity' means either a regular course of commercial conduct or a particular commercial transaction or act"); *Republic of Arg. v. Weltover, Inc.,* — U.S. —, —–––—, 112 S.Ct. 2160, 2166–67, 119 L.Ed.2d 394 (1992). Specifically, the "commercial activity" exception, 28 U.S.C. § 1605(a)(2), provides in relevant part that a foreign state or its agencies or instrumentalities:

> shall not be immune from the jurisdiction of the courts of the United States or of the States in any case ... in which the action is based ... upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. § 1605(a)(2).

In the instant case, the parties do not dispute that Vnesheconombank is a sovereign within the meaning of the FSIA,[1] nor does Vnesheconombank dispute that the issuance of a letter of credit is "commercial activity" as contemplated by Section 1603(d). Whether the type of activity at issue in the letter of credit transaction alleged in the Complaint can have a "direct effect in the United States" is the issue on which this part of Vnesheconombank's motion turns.

Plaintiffs argue that Vnesheconombank's failure to honor Reed's payment demand had a "direct effect" within the meaning of Section 1605(a)(2) because the letter of credit was payable in New York. They maintain that under *Republic of Argentina v. Weltover, Inc.,* — U.S. —, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992) and *Commercial Bank of Kuwait v. Rafidain Bank & Central Bank of Iraq,* 15 F.3d 238 (2d Cir.1994), a "direct

effect" exists if the United States is the ultimate place of performance of the contractual obligations at issue.

Vnesheconombank contends that since the focus of the commercial activity exception is the activity of the sovereign, the place of performance of the sovereign's obligations—in this case, Russia—and not that of Chase or Donau, controls the "direct effects" inquiry. In other words, since Vnesheconombank, as the alleged issuing bank, was obligated to pay the letter of credit in Russia, its allegedly wrongful dishonor of Reed's demand under the credit, argues Vnesheconombank, could only have had a "direct effect" in Russia.

■ Vnesheconombank's compartmentalized approach to the "direct effect" analysis in this case is unpersuasive. Focused solely on the place of performance of the issuing bank's obligations,[2] Vnesheconombank's argument overlooks the fact that, in the letter of credit, the issuing bank *specifically* requested that Donau advise and confirm the credit through Chase in New York. Chase's undertaking as the advising bank to negotiate drafts in New York under the letter of credit was, therefore, not tangential to, or merely a fortuitous result of, the issuance of the letter of credit: it was an aspect of the transaction not only specifically contemplated, but also initiated by the issuing bank. *Cf. United World Trade, Inc. v. Mangyshlakneft Oil Production Ass'n,* 33 F.3d 1232, 1237 (10th Cir.1994) ("The requirement that an effect be 'direct' indicates that Congress did not intend to provide jurisdiction whenever the ripples caused by an overseas transaction manage eventually to reach the shores of the United States."). That Chase, and not the issuing bank, promised to pay the letter of credit in New York is, therefore, irrelevant, since Chase, in assuming this obligation, was acting at the issuing bank's request. Under these circumstances, I have little difficulty

---

**1.** Under 28 U.S.C. § 1603(b), "agenc[ies] or instrumentalities of a foreign state" are treated as foreign states for purposes of immunity provided they meet certain statutory requirements. 28 U.S.C. § 1603(b).

**2.** Under letter of credit law, the place of issuance of the letter of credit determines the place of its

performance. *Chuidian v. Phillipine Nat'l Bank,* 976 F.2d 561, 562 (9th Cir.1992) ("place of issuance of a letter of credit ... determine[s] the place of its performance"); *RSB Manufacturing Corp. v. Bank of Baroda,* 15 B.R. 650, 653–54 (S.D.N.Y.1981).

concluding that the issuing bank's failure to honor Reed's demand, which resulted in Chase's refusal to pay Reed in New York, had a "direct effect" in the United States within the meaning of Section 1605(a)(2).

▇ Moreover, Vnesheconombank, if it were to be the issuing bank, would have sufficient minimum contacts with the United States to satisfy due process requirements. *See Texas Trading & Milling Corp. v. Federal Republic of Nigeria,* 647 F.2d 300, 314 (2d Cir.1981); *see also International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). By directing Donau to secure Chase, a New York bank, to act as advising bank for the credit, the issuing bank here "'purposefully avail[ed itself]' of the privilege of conducting activities in the United States." *Texas Trading,* 647 F.2d at 314 (foreign sovereign's practice of advising letters of credit through New York bank constituted "purposeful availment" since "New York law protected [the foreign sovereign] in each of its instructions, transfers and withdrawals"). Given these activities, being haled into an American court should come as no surprise to Vnesheconombank, if it was the issuing bank. *Id.* at 315.

Moreover, although Russia is distant from the United States, I can not say that litigation here would unduly inconvenience the issuing bank of the letter of credit at issue in this transaction, given its engagement (through an intermediary) of a New York advising bank, and the consequent foreseeability of suit in the United States. *See id.* Finally, the United States certainly has an interest in providing an effective means of redress for its residents, such as Reed. *Id.* Accordingly, I conclude that the issuing bank's relation to this forum satisfies the "minimum contacts" requirement.

Consequently, Vnesheconombank's motion to dismiss on sovereign immunity grounds in denied. Nevertheless, the action against Vnesheconombank must be dismissed because the Complaint fails to state a claim against it upon which relief may be granted.

## II. *Failure to State a Claim*

▇ Vnesheconombank has alternatively moved to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Donau joins Vnesheconombank's motion as it applies to Counts III and IV of the Complaint. On a motion to dismiss, the allegations of the complaint are taken as true, and construed in the light most favorable to the plaintiff. Moreover, since "[d]ismissal of a complaint for failure to state a claim is a 'drastic step'," *Azurite Corp. v. Amster & Co.,* 730 F.Supp. 571, 577 (S.D.N.Y.1990), citing *Meyer v. Oppenheimer Management Corp.,* 764 F.2d 76, 80 (2d Cir.1985) (citations omitted), a motion to dismiss on this basis must be denied "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

### A. *The Breach of Contract Claim*

▇ Plaintiffs' breach of contract claims against Vnesheconombank must be dismissed because the letter of credit, incorporated by reference into the Complaint, clearly identifies the issuing bank as "kazvneshbank, alma ata." Affidavit of Steven Wolowitz, dated January 28, 1994, Exhibit C. Contrary to plaintiffs' assertions in their papers in opposition to the instant motion, no issue of fact as to the identity of the issuing bank is raised by the telexes between Donau and Chase, which stated, in relevant part, that the "Bank for Foreign Economic Affairs of the USSR, Alma Ata" had issued a letter of credit in favor of Reed. The Complaint itself alleges that Kazvneshbank's full name is "Kazakh Republic Bank for Foreign Economic Affairs," and that the bank has an office in Alma Ata. Alma Ata, as explained in *The World Almanac and Book of Facts 1994,* 779 (1993), is the capital of the Kazakh Republic. Hence, the very documents upon which plaintiffs rely make clear that plaintiffs do not have a contractual relationship with Vnesheconombank. *See R.H. Damon & Co. v. Softkey Software Prods., Inc.,* 811 F.Supp. 986, 991 (S.D.N.Y.1993) (to prevail on a breach of contract claim, plaintiffs must dem-

onstrate, *inter alia*, the existence of a contract).

At oral argument, plaintiff conceded that the letter of credit was issued by Kazvneshbank but argued that Vnesheconombank is responsible for Kazvneshbank's obligations either because Kazvneshbank was a branch of Vnesheconombank or because Vnesheconombank somehow took over Kazvneshbank's assets and liabilities. These allegations do not appear anywhere in the Complaint, and it "is axiomatic that [a] complaint cannot be amended by the briefs in opposition to a motion to dismiss." *O'Brien v. National Property Analysts Partners*, 719 F.Supp. 222, 229 (S.D.N.Y.1989). Plaintiffs' contract claims against Vnesheconombank must, therefore, be dismissed at this juncture; however, if plaintiffs can assure themselves of the factual and legal predicate for their theories of liability, I grant them leave to amend their Complaint to add the allegations sufficient to sustain the contract claim against Vnesheconombank.

## B. *The Negligence Claim*

■ The absence of any contractual relationship between Vnesheconombank and the plaintiffs also mandates dismissal of plaintiffs' negligence claims. To state a claim of negligence, a plaintiff must establish that the defendant owed it a duty of care, that the defendant failed to exercise such duty of care, and that such lack of care caused the plaintiff injury. *See, e.g., Stratton Group, Ltd. v. Sprayregen*, 466 F.Supp. 1180, 1184 (S.D.N.Y.1979). Because Vnesheconombank was not the issuing bank, it owed no duty to plaintiffs to pay against conforming documents. Thus, it had no duty to review documents presented by Reed for payment under the credit.

In their opposition papers, plaintiffs allege that Kazvneshbank was a "branch" of Vnesheconombank, such that the negligence of Kazvneshbank may be imputed to Vnesheconombank. No such allegation appears in the Complaint. However, as with their contract claim, if plaintiffs can assure themselves of the factual and legal predicate for their derivative theory of liability, I grant plaintiffs leave to amend their complaint to add the factual allegations sufficient to sustain this claim against Vnesheconombank.

## C. *The Conversion Claim*

■ Plaintiffs' conversion claim against Vnesheconombank and Donau is based on Donau's transfer to Vnesheconombank of certain funds Donau held in a cover account established by Kazvneshbank in connection with the letter of credit transaction. This claim must be dismissed because those transferred funds did not represent the proceeds of the letter of credit but only security posted between the issuing bank and Donau, the confirming bank, for obligations Donau was undertaking for the issuing bank.

■ In a letter of credit transaction, the issuing bank substitutes its credit for that of its customer, in this case Alink, and the confirming bank substitutes its credit for that of the issuing bank. Hence, the customer's insolvency has no bearing on the issuing bank's duty to pay under the letter of credit, and the issuing bank's insolvency has no bearing on the confirming bank obligation to pay the beneficiary upon presentment of documents conforming to the letter of credit. It is clear then that funds used by the issuing bank and the confirming bank to secure the contract between them are not necessary to pay the beneficiary. The confirming bank is obligated to pay the letter of credit to the beneficiary regardless of how it has chosen to secure its obligation.

In this regard, letter of credit financing is markedly different from the special account financing scheme at issue in *HBL Indus. v. The Chase Manhattan Bank, N.A.*, 45 B.R. 865 (S.D.N.Y.1985). In that special account financing scheme, the actual funds placed in the account were "earmarked for payment of debts like those owed to" the plaintiff, a creditor of the party which opened the account. *Id.* at 868. For this reason, had all steps necessary to designate the plaintiff in *HBL* as "a specific recipient" of the special account fund been taken, the plaintiff would have had a sufficient possessory interest in the account.

■ The separate and independent nature of the various engagements involved in a

letter of credit transaction, however, precludes any possessory interest on the part of the beneficiary in funds securing the obligation between the issuing and confirming banks. The beneficiary is secured by the creditworthiness of the confirming bank and does not own any interest in any particular account at the bank. Plaintiffs' conversion claims against Donau and Vnesheconombank, therefore, as to the funds in the cover account which Donau transferred to Vnesheconombank upon the expiration of the credit must, therefore, be dismissed.

As for plaintiffs' conversion claim against Vnesheconombank based on the unreturned documents presented for payment, the Complaint fails to allege that Vnesheconombank exercised any dominion and control over the documents, since the Complaint nowhere states that Vnesheconombank ever received or handled the documents. Consequently, this part of plaintiffs' conversion claim against Vnesheconombank must also be dismissed.

### D. The Unjust Enrichment Claim

To plead a claim for unjust enrichment, a plaintiff must show "that the defendant was enriched, that such enrichment was at plaintiff's expense, and that the circumstances were such that in equity and good conscience the defendant should return the money or property to plaintiff." *Dolmetta v. Uintah Nat'l Corp.*, 712 F.2d 15, 19 (2d Cir. 1983). Since plaintiffs can not maintain an unjust enrichment claim for the return of funds in which they had no possessory interest, their unjust enrichment claims against Vnesheconombank and Donau must also be dismissed.

### CONCLUSION

For the reasons stated above, the Clerk of the Court is directed to enter judgment dismissing the Second Amended Complaint in its entirety against Vnesheconombank and dismissing that portion of Count III and Count IV of the Complaint against Donau that seeks damages for the funds allegedly converted by Donau or by which Donau was unjustly enriched. Plaintiffs are granted leave to amend the Complaint and replead the contract and negligence claims if they can, in good faith, assert the additional allegations they claim exist.

**SO ORDERED.**